UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRICK JACKSON,  Case No. 18-11140

    Plaintiff  David M. Lawson
v.  United States District Judge

E. SCHULTZ, HEIDI E.  Stephanie Dawkins Davis
WASHINGTON, JOSEPH BARRETT,  United States Magistrate Judge
JEFF RICE, (f/k/a John Doe #1), and
FUQUA, (f/k/a John Doe #2),

    Defendants.
_____/

**REPORT AND RECOMMENDATION FOR SUMMARY
DISMISSAL AND SCREENING UNDER 42 U.S.C. § 1997e(c);
28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A**

## I.    PROCEDURAL HISTORY

Plaintiff, Darrick Jackson, a prisoner in the custody of the Michigan Department of Corrections (MDOC), filed this civil rights complaint on April 10, 2018. (Dkt. 1). The Court granted Jackson leave to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). (Dkt. 4). On July 12, 2018, District Judge David M. Lawson referred this matter to the undersigned for all pre-trial proceedings and to screen the complaint under 28 U.S.C. § 1915(e)(2)(B). (Dkt. 8).

For the reasons set forth below, the undersigned **RECOMMENDS** that the Court **DISMISS** the claims against defendants Schultz, Barrett, and Washington and **ORDER SERVICE** as to defendants Rice and Fuqua.

## II.     PLAINTIFF'S COMPLAINT

According to the complaint, defendant Heidi E. Washington is the Director of the MDOC and is legally responsible for the overall operation of the MDOC and each institution under its jurisdiction, including the Cooper Street facility. (Dkt. 1, ¶ 4). Defendant Joseph Barrett is the Warden of Cooper Street Correctional Facility and he is legally responsible for its operation and the health and welfare of its inmates. (Dkt. 1, ¶ 5). Defendant Jeff Rice, f/k/a, John Doe #1 is a corrections officer employed by MDOC and assigned to the Cooper Street facility. Fuqua, f/k/a John Doe #2 is also a corrections officer employed by MDOC and assigned to the Cooper Street facility. (Dkt. 1, ¶¶ 6-7; Dkt. 1, Addendum to Lawsuit, Pg ID 11).[1] While there are no specific allegations against defendant Schultz in the complaint, he appears to be the respondent to Jackson's Step I grievance. (Dkt. 1, Pg ID 7).

---

[1] In the body of his complaint, Jackson refers to John Doe #1 and John Doe #1. In his Addendum to Lawsuit, which was apparently drafted at a later time, but included with his initial filing, Jackson identifies Jeff Rice and Fuqua in place of John Doe #1 and John Doe #2. Thus, they have been added as defendants to the docket in this matter.

When Jackson was assigned as a weight-lifting porter at the Cooper Street facility, he observed that the bracket holding the weight container door upright was broken off and when the wind was high, the door would suddenly slam shut. (Dkt. 1, ¶ 9). Jackson alerted staff to the state of the door to prevent an inevitable physical injury by the door. *Id*. He says he complained to Fuqua and Rice, but the issue was not addressed; subsequently, Jackson's hand was injured by the damaged door on October 11, 2017, and he required surgery. Jackson says the injury he sustained resulted in permanent nerve damage. Jackson alleges that Fuqua's and Rice's failure to immediately report the broken door constituted deliberate indifference to his safety. *Id*.

## II. ANALYSIS AND CONCLUSION

### A. Legal Standards

The Court is required to *sua sponte* dismiss a complaint filed without prepayment of the filing fee before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed.R.Civ.P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative

level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

   B. <u>Defendants Heidi E. Washington, E. Schultz, and Joseph Barrett</u>

As an initial matter, plaintiff does not allege facts demonstrating the personal involvement of defendants Heidi Washington, E. Schultz and Joseph Barrett. As recounted above, there are no allegations regarding any actions by these defendants suggesting they had any personal involvement in the events giving rise to Jackson's complaint. Rather, Washington appears to be named in this complaint because she is the head of the MDOC. Schultz appears to be named because he was a grievance respondent. And Barrett appears to be named because he is the Warden of the Cooper Street facility.

It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated in, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability); *Nwaebo v. Hawk–Sawyer*, 83 Fed. Appx. 85, 86 (6th Cir.2003) (To recover against a given defendant for a claimed constitutional violation, the plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights.") (citing *Rizzo v. Goode*, 423 U.S. 362, 373–77 (1976)). Any assertion that defendants Barrett and Washington failed to supervise an employee, should be vicariously liable for an employee's conduct, and/or did not sufficiently respond to the situation are insufficient to state a claim under § 1983. *See e.g.*, *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 Fed. Appx. 307, 309 (6th Cir. 2001). Indeed, the mere fact that a defendant is a supervisor of the person who made the decision or took the action in question is not enough: *respondeat superior* is not an available theory of liability in a civil rights claim. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Thus, Jackson has failed to state a claim on

which relief may be granted against Washington and Barrett because they had no personal involvement in the events at issue.

Moreover, to the extent that Jackson asserts that Schultz violated his constitutional rights by denying his grievances, he fails to state a claim for relief. While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). An inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure. *Walker v. Michigan Dep't of Corrections*, 128 Fed. Appx. 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 Fed. Appx. 427, 430 (6th Cir. 2003) (citing cases). Moreover, an alleged failure to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for § 1983 liability on any underlying claim. *Loyde v. Wilkes*, 2016 3058484 (M.D. Tenn. May 31, 2016) (citing *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir.2007) ("Ruling against a prisoner on an

administrative complaint does not cause or contribute to the [constitutional] violation...."). "The mere denial of a prisoner's grievance states no claim of constitutional dimension," *Alder v. Correctional Medical Services*, 73 Fed. Appx. 839, 841 (6th Cir. 2003), "as there is no inherent constitutional right to an effective prison grievance procedure." *Keenan v. Marker*, 23 Fed. Appx. 405, 407 (6th Cir. 2001) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)); s*ee also Martin v. Harvey*, 14 Fed. Appx. 307, 309 (6th Cir. 2001) (observing that the denial of a grievance complaining of inadequate medical care "is not the same as the actual denial of a request to receive medical care"). To the extent that Jackson is dissatisfied with Schultz's investigation of his complaint and the response to his grievance, he fails to state a claim on which relief may be granted. *See Carlton v. Jondreau*, 76 Fed. Appx. 642, 644 (6th Cir. 2003); *Proctor v. Applegate*, 661 F.Supp.2d 743, 766-67 (E.D. Mich. 2009).

    C.    <u>Defendants Fuqua and Rice</u>

In general, a prisoner may demonstrate a violation of the Eighth Amendment concerning the conditions of confinement if he shows that he has been deprived of "the minimal civilized measures of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 832–834 (1994). To succeed on an Eighth Amendment claim based on prison conditions, a plaintiff must show: (1) "he has suffered an objectively, sufficiently serious injury," and (2) "that prison officials inflicted the injury with

8

deliberate indifference." *Id*. at 834. "Although the Sixth Circuit has not addressed claims related to the hazardous working conditions of inmates, other circuits have held that the Eighth Amendment is implicated when prisoners are forced to perform physical labor which is 'beyond their strength, endangers their lives, or causes undue pain.'" *Smiley v. Tennessee*, 2017 WL 3975001, at *14 (E.D. Tenn. Sept. 8, 2017) (quoting *Rayburn v. Blue*, 154 F.Supp.3d 523, 532 (W.D. Ky. 2015) (citing *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983)); *see also Middlebrook v. Tennessee*, 2008 WL 2002521, at *11 (W.D. Tenn. 2008) (citing *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006)). The Eighth Circuit has held that the intentional placement of a prisoner in dangerous surroundings can violate the Eighth Amendment, though mere negligence is not sufficient. *Bibbs v. Armontrout*, 943 F.2d 26, 27 (8th Cir. 1991); *see also Lee v. Sikes*, 870 F.Supp. 1096, 1099 (S.D. Ga. 1994) (applying Eighth Amendment to workplace safety).

Here, in the view of the undersigned, Jackson has sufficiently alleged an Eighth Amendment claim against Rice and Fuqua. Jackson has alleged that he suffered an objectively serious injury to his hand because of the broken door. His complaint also reasonably suggests that he informed Rice and Fuqua of the broken door and the risk of the harm – i.e. "inevitable severe physical injury" – that it could cause. Construing the complaint liberally in favor of Jackson, who is *pro se*, the undersigned concludes that he has sufficiently stated an Eighth Amendment

9

claim against Rice and Fuqua. Thus, the Court should order service on these two defendants.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Court **DISMISS** the claims against defendants Schultz, Barrett, and Washington and **ORDER SERVICE** as to defendants Rice and Fuqua.

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 27, 2018                    s/Stephanie Dawkins Davis
                                           Stephanie Dawkins Davis
                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on November 27, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and I have served by United States Postal Service to the following non-ECF participant: Darrick Jackson #364379, Cooper Street Correctional Facility, 3100 Cooper Street, Jackson, MI 49201.

                                           s/Tammy Hallwood
                                           Case Manager
                                           (810) 341-7887
                                           tammy_hallwood@mied.uscourts.gov